UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KRYSTLE SILVERA, Individually and as Parent and
Guardian of C          S         , an Infant,

                      Plaintiffs,

        -against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOES # 1-5,

                      Defendants.
-----------------------------------------------------------------X

CIVIL ACTION NO.

**COMPLAINT**

**JURY DEMAND**

        Plaintiffs Krystle Silvera and C        S        , by their Attorneys, OFODILE & ASSOCIATES. P.C. complaining of the Defendants, the City of New York and Police Officers John Does #'s. 1-5, alleges as follows:

### JURISDICTION AND VENUE

        1.     This is an action at law to redress false arrest and imprisonment, excessive use of force, and sexual touching against Plaintiffs in violation of the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiffs as a result of the intentional, malicious and reckless acts of the City of New York, and some of its Police Officers.

        2.     Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under

color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Kings, which is within the Eastern District of New York.

## PARTIES

4. At all times relevant and material to the facts of this case, Plaintiff Krystle Silvera resided in Brooklyn, New York, within the jurisdiction of this Court, and is the mother and guardian of C   Si   who was ten years old at all relevant times and who is still a minor.

5. At all times relevant and material to the facts of this case, Plaintiff Courtney Silvera was and still is a minor who resided in Brooklyn, New York, in the custody of his mother, Krystle Silveria, within the jurisdiction of this Court.

6. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendants and is liable under the common law agency and/or respondent superior rule for the actions of the individual Defendants complained herein.

7. At all times relevant and material to this case, Defendants John Does 1–5, were employees of the City of New York, employed in its Police Department.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiffs, was served upon Defendant City of New York to

the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the Supreme Court.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused.

## FACTUAL ALLEGATIONS

10. On February 2, 2013 at 8:00 a.m. the Police knocked on Plaintiff's (Krystle Silvera) door at her home. Plaintiff came downstairs to know why they were knocking on the door. Plaintiff's mother was already down the stairs. Plaintiff's mother was suffering from brain and lung cancer opened the door for the police who came in. The Police had no warrant and the subject of their inquiry was neither of the Plaintiffs nor Plaintiff's mother.

11. Plaintiff's son C    S   , then 10 years old had a cell phone in his possession. Plaintiff's son was attempting to take a picture of one of the officers. Defendant Officers tried to take the phone away from Plaintiff C   /S   . Plaintiff C    S' would not give Defendant Officers his phone and Defendant Officers began to rough Plaintiff Courtney Silvera up in their attempts to get his phone.

12. While in the process of roughing Plaintiff C    S    up, one of the Officers kicked Plaintiff C    S    in the shin. Plaintiff Krystle Silvera heard her son scream, "you are hurting me, you are hurting me." Then Plaintiff Krystle Silvera heard an agonizing scream - "You kicked me!".

13. Plaintiff Krystle Silvera ran downstairs partially dressed since she could not finish dressing after hearing her son's agonizing scream. She was only wearing underwear, brassiere, and had only one leg of the tights she was attempting to put on half up one leg.

14. When Plaintiff ran down the stairs, two of the officers seized her before she could get to the place where her son was being assaulted. Defendant Officers roughly took Plaintiff Krystle Silvera outside and handcuffed one of her hands. Plaintiff had on a brassier and under wear, and one of her legs was in tights. Her neighbor whose husband was a pastor said to the Officers "you are degrading her. Bring her inside."

15. Because Plaintiff was partially naked, while Plaintiff was in the process of being pushed outside by Defendant Officers, Plaintiff's left breast came out of her bras. One of the officers took it upon himself to flip or flicker Plaintiff's nipple-which was pierced with a ring and said "is this what mothers look like these days". Plaintiff was outside in the cold for fifteen (15) minutes before being allowed back inside. Plaintiff's Krystle Silvera's mother passed her a jacket sweater and the Officer allowed Plaintiff to put on the other leg of the pants. Defendant Officer's then took Plaintiff to the 63rd Precinct in Brooklyn, N.Y.

16. Plaintiff suffered injuries in the form of contusions and lacerations. Also her Clavicle bone was hurt as a result of the assault on her by the officers. Plaintiff Krystle Silvera was taken to the hospital where she received treatment. Plaintiff was then taken to Central Booking where she saw a judge. Defendant Officers alleged injuries and the judge demanded to see the Officers' injuries because the Assistant District Attorney asked for $10,000 in bail and the case was adjourned for the officers to show proof of their injuries and because they could not, plaintiff's bail was reduced.

17. When Plaintiff returned home two (2) days later, her son, Plaintiff C S was limping very badly. Plaintiff Krystle Silvera saw that C 's shin was swollen, black and blue. Plaintiff Krystle Silvera took C to Kings County Hospital Emergency

4

room. Plaintiff Courtney Silvera was diagnosed with a fracture which was caused by the officers kicking him in the shin was put in a caste for three (3) weeks.

18. Until this day, Courtney Silvera continues to limps as a result of physical injuries he suffered from Defendant Officers. He is not allowed in school to participate in physical education unless he gets a special clearance from a doctor stating that he would be able to do so with the injury/limp without further injuring himself.

19. As a result of the violations of Plaintiffs' common law and constitutional rights alleged herein, Plaintiffs sustained bodily injuries, suffered physical pain, and suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

20. The actions of the individual officers were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiffs of their constitutional rights and Plaintiffs are entitled to substantial punitive damages against each individual Defendant.

### FIRST CAUSE OF ACTION

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if each paragraph is repeated and realleged verbatim herein.

22. Defendants and each of them subjected Plaintiff C    -- S;    1 to excessive force in violation of Plaintiff's Fourth Amendment right not to be subjected to excessive use of force.

### SECOND CAUSE OF ACTION

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as if each paragraph is repeated verbatim herein.

5

24. Defendants and each of them subjected Plaintiff Krystal Silvera to excessive force in violation of her Fourth Amendment rights.

### THIRD CAUSE OF ACTION

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. Defendants and each of them assaulted and battered Plaintiff C        S        and Krystal Silvera in violation of their common law rights to be free from assault and battery.

### FOURTH CAUSE OF ACTION

27. Plaintiffs repeats and reallege paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28. Defendant John Doe sexually assaulted Plaintiff by touching her uncovered nipple without her consent and without any legitimate legal purpose and following it up with the comment, "is this what mothers look like these days" in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

29. It was clearly established that at the time of Plaintiff's arrest, the defendant had fair warning that the sexual assault of Plaintiff was unconstitutional.

30. That by reason of this sexual assault, Plaintiff Krystle Silvera incurred physical, emotional, and pecuniary harms, suffered humiliation, mental anguish, and embarrassment, and she was otherwise injured.

### FIFTH CAUSE OF ACTION

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if each paragraph is repeated verbatim herein.

32. Defendant John Doe sexually assaulted Plaintiff Krystle Silvera by touching her uncovered nipple, without her consent and without any legitimate legal reason to do so, and following it up by the comment, "is this is this what mothers look like these days" in violation of Plaintiff's common law rights.

### SIXTH CAUSE OF ACTION

33. Plaintiffs repeat and reallege paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34. At all times relevant and material to this case, Defendant City of New York was and still is the employer of the individual Defendants in this case and the Defendants and each of them acted as agents of the City of New York and the City of New York is therefore responsible for the actions of the Defendants alleged herein, which were in violation of Plaintiff's common law rights under the agency doctrine and/or respondent superior rule.

### SEVENTH CAUSE OF ACTION

35. Plaintiff's repeat and reallege paragraphs 1 through 34 as if each paragraph is repeated and realleged verbatim herein.

36. The violations of Plaintiff's constitutional rights by the individual Defendants were carried out under the following policies, customs, and practices of Defendant City of New York:

I. The City of New York failed to properly train, supervise, discipline and hold accountable its police officers and its affirmative instruction to police officers to stop citizens when they have not committed any crimes which has encouraged and fostered unconstitutional behavior among New York City Police Officers and Plaintiff is therefore entitled to damages against the City for the violation of his constitutional rights.

II. Failure to establish, publish, and instill in New York City Police Officers and Detectives the practical meaning of probable cause or reasonable cause for arrests so that officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

III. Failure to establish, publish, and instill in New York City Police Officers and Detectives the importance of conducting an investigation before arresting a member of the public;

IV. De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later; and

V. Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

37. Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with

8

the individual Defendants under Monell, and under Article 1 § 12 of the New York State Constitution and under the common law, the City is jointly and severally liable to Plaintiffs under principal/agent and/or respondeat superior rule, for the general and specific damages Plaintiffs sustained as well as for the attorneys' fees and the costs and disbursements of the action, under 42 U.S.C. section 1983.

**WHEREFORE**, Plaintiffs prays for judgment awarding them:

    1.    As against the individual Defendants for violation of their federal constitutional rights, jointly and severally:

        i.    general and compensatory damages in an amount that would adequately compensate them for the violation of their rights and for their emotional and mental distress, against all Defendants, jointly and severally;

        ii.    lost earnings and lost opportunities to earn income for Plaintiff Krystle Silvera, in an amount to be proved at trial and in accordance with proof;

        iii.    punitive damages in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

        iv.    attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

        v.    such other relief as the Court deems just and proper.

    2.    As against the individual Defendants and the City of New York for violation of Plaintiffs' common law rights:

     i.    general and compensatory damages in an amount that would adequately compensate Plaintiffs for the violation of their rights and for their emotional and mental distress, against all Defendants, jointly and severally;

     ii.    lost earnings and lost opportunities to earn income for Plaintiff Krystle Silvera, in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

     iii.    punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

     iv.    the costs and disbursements of this action – against all Defendants, jointly and severally; and

     v.    such other relief as the Court deems just and proper.

Dated: Brooklyn, N.Y.
       February 3, 2014

                                           OFODILE & ASSOCIATES, P.C.
                                           Attorneys for Plaintiffs
                            By: _____
                                       Anthony C. Ofodile, Esq.
                                       498 Atlantic Avenue
                                       Brooklyn, New York 11217
                                       Tel. No.: (718) 852-8300